IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

URBAN OUTFITTERS, INC., et al. : CIVIL ACTION

v. :

BCBG MAX AZRIA GROUP, INC., et al. : NO. 06-4003

**MEMORANDUM RE: AWARD OF ATTORNEYS FEES TO PLAINTIFFS**

**Baylson, J.** June 11, 2010

This case is on remand from the Court of Appeals for the Third Circuit to examine whether the Court should award attorneys fees under the "exceptional case doctrine." In a Memorandum Re: Remand from the Third Circuit, dated March 2, 2010 (Doc. No. 277), 2010 WL 742654, the Court entered an Order requiring Defendants to pay fifty percent (50%) of Plaintiffs' attorneys fees and expenses. Plaintiffs were directed to submit all of their fee and expense data, Defendants would communicate any "questions, objections or requests for further information" and, in the absence of a stipulation, the parties would file briefs as to their contentions.

Plaintiffs complied with this Order by submitting appropriate fee and expense data. Plaintiffs' brief (Doc. No. 280) explained and detailed their fees and expenses, which had been charged by Drinker Biddle & Reath, which had represented Plaintiffs throughout this case. The total amount, after taking into account adjustments and the 50% award, was $1,336,815.24.

Although Defendants did make a number of objections and raised questions to Plaintiffs' counsel, the Court concludes, from the documents attached to the relevant briefs, that Plaintiffs satisfactorily answered all of those objections and questions. When Defendants filed their brief

(Doc. No. 281), they did not make any credible attack on Plaintiffs' computations of the fees and expenses, but rather disputed the Plaintiffs' entitlement to any attorneys fee at all and reargued rulings previously made by this Court. Specifically, Defendants ignored the Court's award of a flat percentage "across the board," and attempted to assert that Plaintiffs should not receive any fee because they had failed to delineate their fees into certain categories, of the Defendants' own manufacture, and to reargue the findings that the Court had made in its March 2, 2010 Memorandum. Defendants' brief was improper and, for the most part, non-responsive to the Court's Order.

In addition, Defendants asserted that the Plaintiffs' fee claims were precluded or limited by 26 separate legal reasons, none of which even purports to preclude the Court from awarding an "across the board percentage," as this Court did.

Defendants did not timely file a motion for reconsideration after the March 2, 2010 Order – not to suggest that such a motion would have been proper or credible – but that would have been the only recourse if this Court had made a legal error in its Memorandum and Order of March 2, 2010. Instead, the Defendants ignored the Court's Order and went about their own machinations to file a non-responsive brief.

What makes the Defendants' brief particularly objectionable is the reiteration of Defendants' position that "Plaintiffs' own substantial and more egregious litigation misconduct, which continues unabated" should deprive the Plaintiffs of a fee award – when this Court, in the March 2, 2010 Memorandum, specifically ruled against Defendants' contention that the Court should make an examination of Plaintiffs' misconduct, if only because that was not within the scope of the remand by the Third Circuit. See March 2, 2010 Memorandum at p. 3 (n.3).

Defendants' objection sought to require Plaintiffs to itemize attorneys fees in certain categories when this Court had not made any such order. However, Defendants' objection did have two appropriate points. One was questioning whether all the time claimed had been spent on this litigation, and Plaintiffs responded that they had eliminated any claims for fees for attorney time spent before the Patent and Trademark Office. The other question had to do with the computation of fees. However, most of the balance of the Defendants' objections, and Defendants' brief filed in this Court begs the question of the appropriate amount of fees and seeks to argue other issues.

The Court therefore concludes that Plaintiffs' request for fees in the amount of $1,336,815.24 is appropriate and should be awarded.

After Defendants' response, Plaintiffs then filed a Motion for Sanctions (Doc. No. 283) which Defendants have answered, and Plaintiffs have filed a reply brief. The Court finds that the non-responsive and previously rejected arguments made again by Defendants has extended this litigation unduly, caused the Court to spend time on irrelevant matters, and warrants an additional sanction against Defendants in the amount of $5,000.00 as a more direct, and final, resolution of this matter in this Court, as opposed to Plaintiffs' request that they be allowed to submit a supplemental fee petition for the time they spent on preparing the Motion for Sanctions.

The Court will enter an Order awarding Plaintiffs the amount set forth above, and if requested, will enter judgment in that amount in favor of Plaintiffs and against Defendants. An appropriate Order follows.

O:\CIVIL\06-4003 Urban Outfitters v. BCBG Max\Urban Outfitters - Memo Award Atty Fees.wpd